Dear Senator Barham:
You inquired as to whether the East Carroll Parish Police Jury or the Town Council of Lake Providence is the proper local government entity to nominate a census tract situated wholly within the Parish of East Carroll, yet partially within the municipal limits of Lake Providence, for designation as a Round II Empowerment Zone under the re-authorized EZ-EC (Empowerment Zone — Enterprise Community) initiative pursuant to the federal Taxpayer Relief Act of 1997. The program allows one or more local governments and the state to nominate areas for Empowerment Zone designation.
Clearly, the police jury and the town council could act together to nominate the census tract for designation. However, they cannot both act independently to nominate the tract, because the state and the local governments must certify that no portion of the area nominated is already included in an area that has been nominated. Consequently, if the police jury nominated the tract, the town council would be unable to make the necessary certification in its nomination or vice versa.
I gather from your letter and from discussions with personnel at the Governor's Office of Rural Development that the police jury and the town council are unable or unwilling to work together in the nomination process in this instance. This impasse requires a determination of which governmental body has the greater authority to make the nomination. While we have been unable to find any direct statutory or jurisprudential authority on this issue, it is our opinion that the police jury has the greater authority in this matter. The census tract in question is located within the territorial boundaries of the Parish of East Carroll. Only a portion of it is located within the municipal limits of the town. Generally speaking, a municipality is authorized to exercise any power and perform any function necessary, requisite, or proper for the management of its affairs, not denied by law. La. R.S. 33:361. We have often expressed our opinion that, except where specific legislation provides otherwise, a municipality cannot regulate areas beyond its territorial limits. The town council, acting alone to nominate the tract, would be attempting to exercise governmental power over that portion of the tract outside the town's limits. This, it does not have the power to do. As we understand the program, the entire census tract must be included in the nomination. Since the town cannot act with regard to the entirety of the tract, we conclude that the authority to make the nomination at the local level rests with the smallest governmental entity encompassing the entirety of the tract. Thus, if the tract were wholly within the town limits of Lake Providence, the town council would have the authority to submit the nomination. But, in this case, the parish is the smallest governmental unit encompassing the whole tract, so the police jury has the authority to submit the nomination.
We trust this opinion provides you with the necessary information to satisfy your query.
Should you have further questions, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ RANDALL A. KARR ASSISTANT ATTORNEY GENERAL
RPI/RAK/dra